**Rachel M. ANDERSON (Tye), Respondent,**

v.

**Ronald G. ANDERSON, Appellant.**

**No. WD 31604.**

Missouri Court of Appeals, Western District.

May 4, 1981.

Thomas E. Allen, Hale, Kincaid, Waters & Allen, P. C., Liberty, for appellant.

Phillip H. Snowden, Hsiang-Lin Lee, Snowden & Decuyper, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The father appeals from an order to deny a motion to quash or limit a garnishment and to abate child support. The garnishment issued in aid of execution of a Missouri judgment entered in favor of the mother for the support of two children. The award was an incident of a divorce decree entered on April 23, 1970. The amount of the delinquency under the judgment was $7,600. The employer held $2,777.68 as wages for the father at the time of the garnishment and was ordered to pay the sum into the registry of the court. The father was then a resident of the state of Ohio.

The alternative and cumulative motions of the father to quash or limit and abate the garnishment rest on the premise that the law of the domicile of the father determines the obligation for child support, and that since by the effect of § 3109.01 of the legislative code of Ohio a minor becomes *sui juris*, and therefore emancipated, at age eighteen, any obligation under the Missouri judgment terminated upon age eighteen—as to one child on June 13, 1977, and as to the other on January 1, 1979. The father calculated that, on that premise, the obligation for support was virtually exonerated.

The argument posed and the authority cited by the father were considered by our court in *Hartman v. Hartman*, 602 S.W.2d 932 (Mo.App.1980) and determined adversely to contention. That opinion holds, simply, that the governmental interest which sustained the adjudication that the father support the children according to Missouri law, continues to sustain that adjudication, albeit the father since acquired a new domicile. *Hartman v. Hartman*, supra, l.c. 937. The governmental interest that the father support the children of the marriage until they reach age twenty-one [or are otherwise

emancipated] cannot be undone at the option of the parent charged as obligor.

The order is affirmed.

All concur.